*1163 OPINION,
Littleton :
We are of the opinion from the evidence that petitioner is entitled to a deduction of $10,000 on account of the loss of the security costing that amount. It is shown that securities costing $75,000 were purchased between November 26, 1918, and April 30, 1919, that the loss of the security purchased on November 26, 1918, for $10,000 was discovered during the taxable year, and that all of the other securities either matured and were paid, or were sold for their face value, the total amount received being $65,000. The purchase of the securities was a transaction entered into for profit and petitioner was not compensated for the loss of the $10,000 by insurance or otherwise.
In the opinion of the Board, the position of petitioner that all amounts expended in years subsequent to the fiscal year ended July 31,1919, the year in which it sold its business and agreed to liquidate, either in connection with matters necessary to complete liquidation, or in connection with its continued existence, were deductible from gross income for the fiscal year ended July 31, 1919, is not well taken. The mere fact that petitioner sold all of its assets and was compelled under its agreement to discontinue manufacturing opera- ■ tions, but was unable under the circumstances to completely dissolve during the taxable year,, does not justify the deduction from gross income for the taxable year of amounts paid or incurred in subsequent taxable years, notwithstanding- that such expenditures máy have been made in carrying out its agreement entered into during the taxable year. The petitioner did not become liable under the *1164 contract of December 14, 1918, for the payment of any specified amount. It has been allowed to deduct such amounts as were paid or incurred during the fiscal year ended July 31, 1919. We find no warrant in the circumstances of this proceeding for allowing as a deduction in the taxable year expenditures made in subsequent years, notwithstanding such expenditures may have been the result of prior transactions or agreements. Appeal of Consolidated Asphalt Co., 1 B. T. A. 79, Appeal of Uvalde Co., 1 B. T. A. 932, Appeal of Morrison-Ricker Mfg. Co., 2 B. T. A. 1008.

Order of redetermination will he entered on 15 days' notice, under Rule 50.